The opinion of the court was delivered by
Tilgiiman, C. J.
It is granted, that the form of the notice in question, was exactly according to the act of assembly;'and the only objection to the evidence is, that the- notice was delivered to the defendant by Brewster, who was not- the attorney of the plaintiff, but an officer of the sheriff, employed by the plaintiff for the special purpose of serving the notice; and not his agent for-any other purpose. The names of Peters and Delaney, attorneys for the plaintiff, with their places of abode, were indorsed on the notice. The object of this notice, was to inform the justice that a suit would be brought •against him by a certain person, and for a certain cause, -in order ..that he mighthave an opportunity of tendering reasonable amends; after which, if the plaintiff went on with his suit, he proceeded at his peril. Now, it was ’immaterial to the justice, by whom the notice was delivered, provided he received it thirty days before the issuing of the writ, because the name and" place of abode of the agent or attorney being made kno.wn to him by-an indorsement on the notice, he could be at no loss to whom to tender amends. It is true the act directs the notice to be delivered by the party *422 his agent or attorney. But qui facit per alium, facit per se. So that the intent of-the law has been satisfied. But one reason has been assigned, for insisting on a literal compliance with the very words of the act, and that is, in order that the justice might have an opportunity of -tendering amends at the time he received the notice. But there is not much force in that reason. Because if the attorney himself delivers the notice, he is not bound to wáit until the justice considers, and determines, whether he shall tender any amends, or how.much. It is not be supposed, that an immediate determination could be taken on that subject. And the giving of the justice thirty days for reflection, shows, that an immediate determination was not expected. Neither has the justice the least reason to complain of being put to any hardship by this mode of serving the notice, (I mean by a messenger employed for the purpose,) seeing that he has thirty days for consideration, and knows where, and to whom, he may make his tender. This point has not been brought before any court, within my knowledge, before. But I am well satisfied, that it has not been the practice, for the attorney, or the party, to serve the notice in person, because, it has not been supposed that the law required it; and it would be extremely inconvenient to attorneys, especially in the country, if the law did require it. The plaintiff may, to be sure employ a person for his agent, who is not an attorney. But this would be dangerous, because the attorney at law' is naturally the person most confided in, and best qualified to judge whether .sufficienta mends are tendered. This act of assembly should be construed liberally for the protection of justices in matters of substance, but not converted into an instrument whereby a just cause of action may be defeated by nice formalities. I am of opinion that in the service of the notice offered in evidence, every thing was done which the act of assembly required. In rejecting the evidence, there was error therefore, for which the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.